IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NORMAN E. JEFFRIES,

        Plaintiff,

v.                                                   Civil Action No. 5:17CV124
                                                                          (STAMP)

CU RECOVERY, INC. and
GREATER IOWA CREDIT UNION,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES**

I.    Background

The plaintiff, Norman E. Jeffries, originally filed his class action complaint in the Circuit Court of Ohio County, West Virginia, against defendants CU Recovery, Inc. ("CU Recovery") and Greater Iowa Credit Union ("GICU"). The plaintiff, individually and on behalf of a class of West Virginia consumers, alleges that the defendants violated Chapter 46A, Article 2 of the West Virginia Code by attempting to collect debts that were barred by the applicable statute of limitations. The complaint makes claims for (1) statutory violations and (2) unjust enrichment. The plaintiff seeks actual damages, statutory damages, debt collection relief, and an award of attorneys' fees and costs.

Defendant CU Recovery timely removed the civil action to this Court. Defendant GICU consented to the removal of this civil action. In the notice of removal, CU Recovery asserts that this

Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interests and costs. CU Recovery states that there is complete diversity because the plaintiff is a resident of West Virginia, CU Recovery is a Minnesota corporation with its principal place of business in Minnesota, and GICU is an Iowa credit union with its principal place of business in Iowa. CU Recovery states that the amount in controversy exceeds $75,000.00 exclusive of interests and costs because the complaint seeks statutory damages and debt forgiveness in excess of $50,000.00, statutory damages based on attempts by GICU to contact the plaintiff in West Virginia, actual damages and/or disgorgement or restitution of monies collected, and attorneys' fees accrued in the prosecution of this litigation.

The plaintiff then filed a motion to remand, in which he argues that the defendants have failed to satisfy their burden of proving that the amount in controversy exceeds $75,000.00 exclusive of interests and costs. The plaintiff's motion to remand also seeks an award of attorneys' fees under 28 U.S.C. § 1447(c). The plaintiff argues that remand is proper because the complaint does not provide any monetary figures and does not demand a sum certain. The plaintiff contends that the defendants have not satisfied their burden of proving that the value of the claim exceeds $75,000.00 exclusive of interests and costs. Specifically, the plaintiff

contends that the only actual damages figure provided by the defendants is the amount of debt, which is $20,550.00.

The plaintiff argues that the defendants' attempt "to increase the amount in controversy by pointing to the plaintiff's claim for statutory damages" must fail because the statutory damages cap is $1,000.00 under West Virginia Code § 46A-5-101. The plaintiff points out that the record contains only one debt-related communication, a May 12, 2016 letter attached to the complaint, and, thus, the claim for statutory damages is $1,000.00 for removal purposes. Although the defendants suggest there have been as many as six communications, the plaintiff argues there is no proof to support that assertion. The plaintiff also contends that it is insufficient in consumer protection cases for the defendants to "simply cite the categories of damages that the Plaintiff is seeking to recover and then leap to the conclusion that $75,000.00 is in play."

Defendant CU Recovery filed a response in opposition to the plaintiff's motion to remand. In response, CU Recovery argues that its notice of removal specifically addressed each component of the damages/relief demanded by the plaintiff in his complaint. CU Recovery argues that "it made reasonable estimates, inferences, and deductions to conclude that the amount in controversy, when considering the numerous components of damages demanded by Plaintiff, exceeded $75,000.00." Specifically, CU Recovery argues

3

that it identified: "(1) estimated actual damages of $5,000; (2) estimated maximum statutory damages of almost $30,000; (3) debt cancellation relief of over $20,000; (4) an estimated attorneys' fees range of $18,000 to $25,000; and (5) any additional actual or statutory damages attributable to actions by GICU, restitution, disgorgement." CU Recovery also contends that the plaintiff is not entitled to an award of attorneys' fees because it has set forth sufficient information to allow the Court to determine that removal is proper.

The plaintiff filed a reply to CU Recovery's response in opposition. In reply, the plaintiff argues that CU Recovery blurs the distinction between the pleading standard applied in removal cases and the applicable standard of proof. The plaintiff cites <u>Dart Cherokee Basin Operating Co. v. Owens</u>, 135 S. Ct. 547, 554 (2014), which states that, once removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in controversy requirement has been satisfied." The plaintiff contends that he never questioned the sufficiency of the notice of removal. Rather, by filing his motion to remand, the plaintiff argues that he made a jurisdictional challenge as to the amount in controversy.

For the reasons set forth below, the plaintiff's motion to remand is granted and the plaintiff's motion for attorneys' fees is denied.

II.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).  However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought."  Tomlin v. Office of Law Enf't Tech. Commercialization, Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007).  The party seeking removal bears the burden of establishing federal jurisdiction.  See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand.  Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal.  See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) ("In assessing whether

removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

This Court recognizes that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 555 (2014). Nonetheless, this Court has previously found that Dart does not require it to grant jurisdictional discovery and, thus, this Court has routinely exercised its discretion to deny such requests. See Antal v. State Farm Mut. Ins. Co., No. 5:15CV36, 2015 WL 2412358, at *3 (N.D. W. Va. May 20, 2015) (denying the plaintiff's request for jurisdictional discovery upon finding "that the language contained in . . . 28 U.S.C. § 1446(c)(3)(A) is related to discovery taken in the state court, not discovery that is taken in

6

the federal court after removal"); O'Brien v. Falcon Drilling Co., No. 5:15CV13, 2015 WL 1588246, at *6 (N.D. W. Va. Apr. 9, 2015) (suggesting that discretionary jurisdictional discovery is appropriate only where "further evidence is revealed through discovery in the state court, a filing by the plaintiff, or some 'other paper'").

III. Discussion

There is no dispute that complete diversity exists. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1441. Based on the record before this Court, the plaintiff's motion to remand must be granted. The defendants fail to demonstrate that the amount in controversy requirement has been satisfied. The defendants have established that the amount of the debt is $20,550.00, and the plaintiff agrees that this is the amount of debt in controversy. However, the defendants fail to state any other amount with any specificity, and the amount of debt alone falls below the $75,000.00 threshold for diversity jurisdiction.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey, 483 F.3d at 1213–15. At this time in the civil action, the amount of damages that may or will be recovered, beyond the established $20,550.00 in debt, is

completely unknown and speculative at best.  Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears.  See In re Blackwater Sec. Consulting, LLC, 460 F.3d at 583.  Therefore, because the defendants only speculate as to the amount of damages above $20,550.00, removal is improper.  As stated earlier, removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand.  Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151.  Here, doubts exist as to that jurisdiction.

The Court notes, however, that nothing prevents the defendants from filing a second notice of removal should the case become removable within one year.  See 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Accordingly, the plaintiff's motion to remand is granted, and the case is remanded to the Circuit Court of Ohio County, West Virginia.  Lastly, the Court denies the plaintiff's request for attorneys' fees because the defendants did state an objectively reasonable basis for removal on the basis of diversity

jurisdiction.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 132 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

IV. Conclusion

For the reasons set forth above, the plaintiff's motion to remand (ECF No. 9) is GRANTED.  Accordingly, it is ORDERED that this civil action be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.  Additionally, the plaintiff's request for attorneys' fees is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   November 13, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE